UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

FRANKLIN EUGENE ESKEW,     )
     )
    Plaintiff,     )     Civil No. 3:25-cv-00027-GFVT
     )
v.     )     **MEMORANDUM**
     )     **OPINION**
NORTH AMERICAN STAINLESS, INC.     )     **&**
and DREW DAULTON,     )     **ORDER**
     )
    Defendants.

*** *** *** ***

The face of Plaintiff Eskew's Complaint reveals both a nonremovable claim and a lack of complete diversity amongst the parties. Nevertheless, Defendant North American Stainless seeks to remove this action to federal court based on diversity jurisdiction. In support of removal, Defendant North American Stainless contends that the non-diverse Defendant, Drew Daulton, was fraudulently joined. However, whether Drew Daulton was fraudulently joined is immaterial. Because one of the Plaintiff's claims is nonremovable by statute and jurisdiction over the remaining claims is premised on diversity jurisdiction, the Plaintiff's Motion to Remand **[R. 7]** is **GRANTED.**

**I**

Eugene Eskew was employed by North American Stainless (NAS) for almost twelve years, until July of 2024, when he was terminated.[1] [R. 1-6 at 11.] In Mr. Eskew's own words "[t]hings went well for Eskew until he started working under Manager Drew Daulton." *Id.* In the winter of 2023, Mr. Eskew injured his rotator cuff at work. *Id.* Mr. Eskew asserts that his

---

[1] The facts recounted here are taken from Plaintiff Eskew's Complaint at R. 1-6.

doctor put him on "light duty," and after presenting his group leader with his doctor's orders, Mr.

Eskew was still expected to do his job to the same extent as prior to the injury. *Id.* Mr. Eskew

began applying for other positions within NAS that he could perform without causing further

injury, but he suspected that his applications were passed over in favor of younger, more able-

bodied candidates. *Id.* at 12. Mr. Eskew believed that Daulton specifically had blocked him

from these positions, and he claims he reported the suspected discrimination to the human

resources department. *Id.*

In the fall of 2023, Mr. Eskew took workers' compensation leave for surgery related to

his rotator cuff injury. *Id.* Apparently, after returning from this surgery, NAS started to abide by

Mr. Eskew's requested accommodations, but Daulton began discriminating and retaliating

against Eskew in other ways. *Id.* at 12-13. Mr. Eskew alleges that Daulton moved Mr. Eskew's

workspace to an isolated location, interfered with Eskew's productivity, and revoked one of

Eskew's accommodations. *Id.* Mr. Eskew's new workstation was half a mile from the locker

house, so his coworkers gave him rides to and from the workstation. *Id.* Allegedly, upon

learning about this practice, Daulton sent out an email stating he would fire anyone giving rides

to and from the locker house. *Id.*

Additionally, Mr. Eskew claims that NAS and Daulton altered a job description so Mr.

Eskew would not be eligible for the job. *Id.* Mr. Eskew knew of other coworkers who had

changed positions after they could no longer keep up with the physical demands of their previous

role, and seeking to do the same, Mr. Eskew applied for an open planner position. *Id.* However,

Daulton apparently took the position posting down, altered it to include climbing ladders as an

essential part of the job, and then reposted the position. *Id.* at 14. Eskew believes that Daulton

did this in an attempt to disqualify Eskew from consideration for the position, since Eskew could

not climb ladders.  *Id.*  Finally, in the summer of 2024, NAS terminated Eskew from the position

he held for almost twelve years, apparently due to the fact that he could not climb ladders.  *Id.*

Against this backdrop, Mr. Eskew brings claims against Defendant NAS for violations of

the Kentucky workers' compensation act and the Kentucky Civil Rights Act.  *Id.* at 15-17.  Mr.

Eskew brings claims against both Defendant NAS and Defendant Drew Daulton for conspiracy

and retaliation in violation of the Kentucky Civil Rights Act. Defendant NAS, acting alone,

removed this action to this Court on June 16, 2025.  [R. 1.]  NAS asserts that because Eskew

fraudulently joined Daulton in this action to avoid removal to federal court, and the amount in

controversy exceeds $75,000, the action is properly subject to this Court's diversity jurisdiction.

*Id.*  Mr. Eskew, disagreeing with NAS, filed the instant motion to remand.  [R. 7.]  After some

difficulty in serving Daulton, and a fair bit of quarreling between the parties, Mr. Eskew has

achieved service on Mr. Daulton.  [R. 26.]  Thus, the matter is ripe for review.

**II**

A defendant may remove a civil action brought in state court to federal court only if the

action is one over which the federal court could have exercised original jurisdiction.  *See* 28

U.S.C. §§ 1441, 1446.  This Court has original federal question jurisdiction over civil actions

that arise under the "Constitution, laws, or treaties" of the United States pursuant to 28 U.S.C. §

1331.  This Court also has original "diversity" jurisdiction over all civil actions when "the matter

in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the

dispute is between parties who are "citizens of different States."  *See* 28 U.S.C. § 1332(a).

Federal courts are courts of limited jurisdiction, and therefore any doubts regarding

federal jurisdiction should be construed in favor of remanding the case to state court.  *Shamrock*

*Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Cole v. Great Atlantic & Pacific Tea*

*Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990) (citations omitted). In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). Furthermore, the removing defendant bears the burden of showing that removal was proper. *Fenger v. Idexx Lab'ys, Inc.*, 194 F. Supp. 2d 601, 602 (E.D. Ky. 2002) (citations omitted).

Both parties devote significant attention to whether Eskew has a colorable claim against Daulton. [*See* R. 1; R. 7; R. 8; R. 9; R. 13.] All of the parties' arguments raised in their filings would be highly relevant for a fraudulent joinder analysis. However, remand is proper for a reason that neither party has analyzed: Defendant NAS has removed a complaint which contains a claim made nonremovable by statute, and the remaining claims were removed on the basis of diversity jurisdiction.

Pursuant to 28 U.S.C. § 1445(c), "a civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." The Sixth Circuit has directed that "[a] civil action arises under a state workmen's compensation law when either (1) the workmen's compensation law created the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of workmen's compensation law. *Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 203 (6th Cir. 2004). This Court has addressed whether a retaliation claim under K.R.S. § 342.197 "arises under" Kentucky's workers' compensation laws, concluding that it does. *McCormack v. RR Donnelley & Sons Co.,* 436 F.Supp.2d 857, 859 (E.D. Ky. 2006).

Here, Plaintiff Eskew brings Count I of the Complaint under K.R.S § 342.197, Kentucky's worker's compensation law. [R. 1-6 at 15.] As such, pursuant to 28 U.S.C. §

4

1445(c), Count I of the Complaint is clearly not removable to this Court. Furthermore, severing

Count I of the Complaint and retaining jurisdiction over the balance of the claims would not be

proper in this matter. To be sure, 28 U.S.C. § 1441(c) provides instances where severance and

partial remand are specifically authorized, but that provision only applies to cases in which

removal is based upon federal question jurisdiction. 28 U.S.C. § 1441(c)(1) reads:

> If a civil action includes—
>> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,
> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

In *Kaylor v. Multi-Color Corp.*, our sister court held that "a three-part jurisdictional

standard emerges" from the text of § 1441(c). 488 F.Supp.3d 640, 643 (S.D. Ohio 2020). The

entire action may be removed if the action (1) includes a claim that raises a federal question

within the meaning of 28 U.S.C. § 1331; (2) includes a claim that a statute has made

nonremovable; and (3) would be removable without the nonremovable claim. Here, Eskew's

Complaint fails to clear the first hurdle. All of Eskew's claims arise under Kentucky law, and

Defendant NAS explicitly asserts that removal of the action was based upon diversity

jurisdiction. [R. 1 at 2-13.] Because the statutory text of both § 1445(c) and § 1441(c) clearly

resolve this motion, the Court declines the parties' invitation to wade into waters of fraudulent

joinder.

### III

Resolving all jurisdictional doubts in favor of remand, as it must, the Court concludes

that removal was improper and thus, the Court lacks subject matter jurisdiction. Accordingly,

and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiffs' Motion to Remand **[R. 7]** is **GRANTED**;

2. This matter is **REMANDED** to Carroll Circuit Court and **STRICKEN** from the Court's active docket.

This the 6th day of January, 2026.

Gregory F. Van Tatenhove
United States District Judge